# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARCIJO GALLEGOS MORALES, | 1:10-cv-00439-DLB (HC) |
| Petitioner, | ORDER DENYING RESPONDENT'S MOTION TO DISMISS; DIRECTING CLERK OF COURT TO CHANGE NAME OF RESPONDENT, AND DIRECTING RESPONDENT TO ANSWER TO PETITION WITHIN THIRTY DAYS FROM THE DATE OF SERVICE |
| v. | |
| B. WAGNER, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b).

BACKGROUND

Petitioner is serving a 70-month sentence for convictions imposed by the United States District Court for the Eastern District of California, Sacramento Division. In the instant petition, Petitioner does not challenge his underlying conviction or sentence; rather, he is challenging a disciplinary sanction imposed in September of 2009 which resulted in the loss of good time credits.

On May 20, 2010, Respondent filed a motion to dismiss for lack of personal jurisdiction. Petitioner did not file an opposition.

///

///

DISCUSSION

I.  Procedural Grounds for Motion to Dismiss

Respondent has filed the instant motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, namely, lack of personal jurisdiction. Although the instant petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241, it is similar in procedural posture to a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, which is governed by Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petition is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Rule 4 of the Rules Governing Section 2254 Cases. Thus, the Court will review Respondent's motion pursuant to the authority set forth in Rule 4.

II.  Standard of Review

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2d Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See e.g. Clark v. Floyd, 80 F.3d 371, 372, 374 (9th ir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining

whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole).  A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian.  Brown, 610 F.2d at 677.  At the time the instant petition was filed, Petitioner was in the custody of the California Correctional Institution in Taft, California, which is located within the jurisdiction of this Court.  28 U.S.C. §§ 2254(a); 2241(d).

III.     Personal Jurisdiction

There is not dispute that at the time Petitioner filed the instant petition for writ of habeas corpus he was incarcerated at California Correctional Institution in California City, which is within the jurisdiction of this Court.  However, on April 22, 2010, Petitioner was transferred to Gilmer Federal Correctional Institution in Glenville, West Virginia.

Under clearly established law, jurisdiction attaches at the time of the initial filing of a habeas corpus petition, and it is not destroyed by a transfer of the petitioner to another custodial location.  Ahrens v. Clark, 335 U.S. 188, 193 (1948), overruled on other grounds in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493 (1973), citing Ex parte Mitsuye Endo, 323 U.S. 283, 305 (1944); Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990);  Thus, at the time Petitioner filed the instant petition, this Court had jurisdiction over this petition, and such jurisdiction is not defeated by Petitioner's subsequent transfer.  Respondent relies primarily on Rumsfeld v. Padilla, 542 U.S. 426 (2004), to argue that "the proper respondent to a habeas petition is the person who has custody over the petitioner."  Id. at 434.[1]  However, Rumsfeld v. Padilla, dealt with a challenge to the petitioner's present physical custody within the United States, not as here, a challenge to the execution of a federal sentence by way of forfeiture of good-time credits.

///

///

---

[1] To the extent Respondent cites to decisions of this Court, such decisions are not binding.  In any event, the Findings and Recommendation in Case Nos. 1:07-cv-01563-AWI-TAG HC; 1:07-cv-00966-AWI-TAG HC were both withdrawn.

Respondent submits that California City Correctional Center is operated by Corrections Corporation of America under a contract with the federal government to house criminal prisoners. However, this contract has not been renewed by the government and is set to expire on September 30, 2010. In this instance, Petitioner was transferred to Gilmer Federal Correctional Institution because his release date is not until December 7, 2010, which is after the time that the contract between the Bureau of Prisons and the Corrections Corporation of America is set to expire. Because the disposition of the instant petition may not be resolved prior to the expiration of the contract between CCCC and the Bureau of Prisons, under Rule 25(d) of the Federal Rules of Civil Procedure, the Court will substitute the Director of the Bureau of Prisons- Harley G. Lappin, who is responsible for the oversight and management of all BOP institutions, as Respondent. See www.bop.gov/about/co.director_bio.jsp.[2]

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Respondent's motion to dismiss is DENIED; and

2. The Clerk of Court DIRECTED to substitute the Director of the Bureau of Prisons, Harley G. Lappin, as the Respondent in this action;

3. Within thirty (30) days from the date of service of this order Respondent shall file an answer to the petition;

4. Within thirty (30) days after Respondent files an answer, Petitioner may file a traverse; and

5. All other provisions of the Court's March 18, 2010, order to respond remain in full force and effect.

IT IS SO ORDERED.

Dated:   June 28, 2010                        /s/ Dennis L. Beck
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] The Court takes judicial notice of the Federal Bureau of Prisons website at www.bop.gov./about/index.jsp. O'Toole v. Northrop Grumman Corp., 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web."); Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 435, 457 (5th Cir. 2005) (information on government agency websites often found to be proper subjects for judicial notice). Gilmer Federal Institution is listed as one of the 115 federal institution under Director Lappin's control.