# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARCIJO GALLEGOS MORALES,<br><br>    Petitioner,<br><br>    v.<br><br>KUMA DEBOO,<br><br>    Respondent.<br>_____ / | 1:10-cv-00439-DLB (HC)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF RESPONDENT<br><br>[Doc. 1] |

      Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

## BACKGROUND

      Petitioner is currently in the custody of the Federal Correctional Facility (FCI) in Gilmer in West Virginia.

      In the instant petition for writ of habeas corpus Petitioner claims he was wrongly identified as being involved in a riot and sanctions were imposed arbitrary and unjust.

      Respondent filed an answer to the petition on October 18, 2010.  Petitioner did not file a traverse.

---

[1] Respondent submits that Kuma Deboo, Warden of the Federal Correctional Facility (FCI) Gilmer, is the appropriate respondent in this action.  See 28 U.S.C. § 2241; Rumsfeld v. Padilla, 542 U.S. 426, 434-435 (2004) (the proper respondent for a habeas petition is the petitioner's immediate custodian).  Federal Rules of Civil Procedure 25(d)(1) permits substitution of parties for public officers named as parties in an action.  Accordingly, Warden Deboo is hereby substituted for Director Lappin.

1

DISCUSSION

I.   Subject Matter Jurisdiction and Venue

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  At the time the instant petition, Petitioner was housed at California Correctional Institution in California City, but is now house at the Federal Correctional Institution in Gilmer, West Virginia (FCI Gilmer).  "'[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petition and the accompanying custodial change.'" Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990), quoting Santillanes v. United States Parole Comm'n, 754 F.2d 887, 888 (10th Cir. 1985); accord Smith v. Campbell, 450 F.2d 829, 834 (9th Cir. 1971).

II.  Exhaustion of Administrative Remedies

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies.  Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).  The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990).  Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id.  If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."

If the petitioner did not properly exhaust his administrative remedies, and such remedies are no longer available, he may have procedurally defaulted on his claims.  See Francis v. Rison, 894 F.2d 353, 354-55 (9th Cir.1990) (applying procedural default rules to administrative appeals); see generally Murray v. Carrier, 477 U.S. 478, 485 (1986); Wainwright v. Sykes, 433

1  U.S. 72, 86-87 (1977); <u>Tacho v. Martinez</u>, 862 F.2d 1376, 1378 (9th Cir.1988).  If a claim is
2  procedurally defaulted, the court may require the petitioner to demonstrate cause for the
3  procedural default and actual prejudice from the alleged constitutional violation.  See <u>Francis</u>,
4  894 F.2d at 355 (suggesting that the cause and prejudice test is the appropriate test); <u>Murray</u>, 477
5  U.S. at 492 (cause and prejudice test applied to procedural defaults on appeal); <u>Hughes v. Idaho</u>
6  <u>State Bd. of Corr.</u>, 800 F.2d 905, 906-08 (9th Cir.1986) (cause and prejudice test applied to pro
7  se litigants).

8        The Bureau of Prisons has established an administrative remedy procedure governing
9  prisoner complaints. The procedure is set forth at 28 C.F.R. § 542.10 et. seq.  First, an inmate
10 must attempt to resolve the issue informally by presenting it to staff before submitting a Request
11 for Administrative Remedy.  28 C.F.R. § 542.13 (1999).  If dissatisfied with the response, the
12 prisoner may proceed with the formal filing of an Administrative Remedy Request.  28 C.F.R.
13 § 542.14 (1999).  Upon denial by the institution, the prisoner may appeal the decision by filing a
14 complaint with the Regional Director of the BOP.  28 C.F.R. § 542.15 (1999).  The Regional
15 Director's decision may be appealed to the General Counsel in Washington, D.C.  <u>Id</u>.  Appeal to
16 the General Counsel is the final step in the administrative remedy process. <u>Id</u>.

17       Respondent argues that Petitioner failed to exhaust the available administrative remedies.
18 In support of his argument, Respondent submits a declaration by Paralegal, Sharon Wahl, at the
19 FCI Beckley, West Virginia.  A review of SENTRY, the BOP's computerized record system,
20 shows that Petitioner filed an administrative remedy with the Western Regional Office,
21 challenging Incident Report No. 1923774.  The administrative remedy was rejected by that office
22 as untimely because the disciplinary report was provided to Petitioner on November 23, 2009,
23 and the administrative remedy was filed on January 25, 2010.

24       Because Petitioner has not exhausted the administrative remedies with respect to the
25 claims raised in the instant petition, the petition must be dismissed.  Notwithstanding the lack of
26 exhaustion, for the reasons explained below, the claims fail on the merits.

27
28

IV.     Applicable Law

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927). The "some evidence" standard is "minimally stringent," and a decision must be upheld if there is any reliable evidence in the record that could support the conclusion reached by the fact finder. Hill, 472 U.S. at 455-456; see also Barnsworth v. Gunderson, 179 F.3d 771, 779 (9th Cir. 1990); Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir. 1987). Determining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or the weighing of evidence. Hill, 472 U.S. at 455; Toussaint v. McCarthy, 801 F.2d 1080, 1105 (9th Cir. 1986).

V.      Analysis of Petition

On September 28, 2009, Correctional Officer S. Palos, wrote an incident report charging Petitioner with a violation of Code 105, Rioting. See Ex. 3, Discipline Packet. Officer Palos made the following statement in the incident report:

4

After a review of information revealed during an investigation, it was determined on September 28, 2009, at approximately 1108 hours, [Petitioner] was part of a group of inmates, who acted in an aggressive and violent manner toward another group of inmates in the North Corridor. Multiple fights/assaults occurred, during the disturbance. All inmates in the area at the time of the incident were identified by Identification Badge or name and Register Number as they were escorted out of the area after Security Staff gained control of the situation. [Petitioner] was identified in this manner as being in the area at the time the incident took place.

Id.

A copy of the incident report was delivered to Petitioner on September 28, 2009 by Lieutenant S. Roberts, who had been assigned to investigate the incident report. Id.

On October 23, 2009, the DHO held a hearing regarding the incident report. A translator was present at Petitioner's request. Petitioner did not present any documentary evidence at the hearing, however, he made the following statement: "That the report is not true. He was at the dining hall eating when he heard the commotion and he was told to step into the hallway leading to the recreation corridor." Id. The DHO considered the statement by Petitioner's witness that "he was eating in the kitchen with [Petitioner] when the kitchen door was closed. He saw inmates' hands on the wall in the hallway. He was instructed to go to the recreation corridor." The DHO found that the greater weight of the evidence supported the finding that Petitioner violated Code 105 as charged. Id.

The DHO sanctioned Petitioner with the loss of telephone and commissary privileges for three months, visitation privileges for six months, and recommended a disciplinary transfer. Petitioner was also placed in disciplinary segregation for 60 days. Petitioner was also disallowed 40 days Good Conduct Time (GCT) under 28 C.F.R. § 541.13. Id.

All of the procedural due process set forth in Wolff were afforded to Petitioner in this instance. Petitioner was provided written notice of the hearing on September 28, 2009, well over 24 hours before the hearing on October 23, 2009. Ex. 3, Discipline Packet. The hearing was conducted by DHO, Vincent Eruaga, an Impartial Hearing Officer. Petitioner requested and was granted permission to present witness testimony and the DHO considered such testimony. In addition, Petitioner was present at the hearing and provided a statement and had the opportunity to present documentary evidence. Petitioner waived the right to staff representative, and was

provided a written statement of the evidence used against him and reasons for the sanctions imposed. Therefore, the procedural protections afforded by <u>Wolff</u> were properly met.

Moreover, there is some evidence to support the DHO's finding of guilt. The reporting officer specifically noted that Petitioner was among the inmates who were engaging in numerous physical altercations. The inmates among the group were identified by their identification badges or registration number. Accordingly, there is some evidence to support that Petitioner is guilty of participating in a riot in violation of Code 105. This Court's review is limited to whether there was "some evidence" to support the DHO's finding. Accordingly, there is no merit to Petitioner's claim and it must be denied.

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DENIED; and
2. The Clerk of Court be directed to enter judgment in favor of Respondent.

IT IS SO ORDERED.

Dated:   **December 3, 2010**           /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE